UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DENISE SAMUELS Plaintiff

v. Civil Action No. 3:24-cv-490-RGJ

MASTERBRAND CABINETS, LLC Defendant

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Plaintiff Denise Samuels ("Samuels") moves to remand this action to Jefferson Circuit Court for failure to meet the requirements of diversity jurisdiction. [DE 7]. Defendant MasterBrand Cabinets ("MasterBrand"), LLC filed a response [DE 11]. Samuels has not replied and the time to do so has passed. The motion is ripe. For the reasons below, Samuels Motion to Remand [DE 7] is **GRANTED**.

**I. BACKGROUND**

Samuels brings this action against MasterBrand for unlawful retaliation under Ky. Rev. Stat. ("KRS") § 344.280 and race discrimination under KRS § 344. [DE 1-2]. Samuels is a 61-year-old African American who was employed by MasterBrand from April 4, 2022, until July 8, 2024. [*Id*. at 13]. Samuels alleges that while employed by MasterBrand, she was "regularly subjected to race discrimination." [*Id.*] When Samuels complained to MasterBrand's human resources department regarding her perceived discrimination, MasterBrand retaliated against her by terminating her employment. [*Id*. at 13].

This action was originally filed in Jefferson Circuit Court, and MasterBrand removed under diversity jurisdiction. [DE 1]. MasterBrand argues that this Court has jurisdiction because there is complete diversity of citizenship and the amount in controversy exceeds $75,000. [*Id*. at 2-3].

Specifically, MasterBrand argues that although Samuels stated in her complaint that the amount in controversy is less than $75,000, she truly did not "desire to limit her potential damages" or she would have filed a stipulation doing so. [*Id*. at 3]. Samuels moves the Court to remand this action back to Jefferson Circuit Court, arguing that the amount in controversy is less than the required $75,000.00, and filed a stipulation. [DE 7-1].

## II. STANDARD

Removal to federal court is proper for "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Diversity jurisdiction gives "[t]he district courts . . . original jurisdiction [over] all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a), (a)(1). A defendant removing a case has the burden of proving jurisdiction. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). Generally, courts "conduct a fair reading" of the complaint to determine whether the amount in controversy satisfies the requirements of 28 U.S.C. § 1332(a). *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001). Because plaintiff is master of the claim, a claim explicitly less than the federal requirement will typically preclude removal. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000). The determination of federal jurisdiction in a diversity case should be made at the time of removal. *Id.* at 872.

Samuels does not dispute as to whether the parties are diverse; but the Court must still determine whether Samuel's claim exceeds the diversity jurisdiction threshold of $75,000.00. [DE 7].

### III. ANALYSIS

*A. Post Removal Stipulation*

The Sixth Circuit has held "that a post-removal stipulation *reducing* the amount in controversy to below the jurisdictional limit does not *require* remand to state court." *Rogers*, 230 F.3d at 872 (emphasis added); *see also Heyman v. Lincoln National Life Insurance Co.*, 781 Fed. App'x 463 (6th Cir. 2019). Courts in this District have noted that stipulations made by a plaintiff reducing the amount in controversy below the jurisdictional threshold after removal are generally disfavored because such stipulations would allow a plaintiff to defeat jurisdiction and "unfairly manipulate proceedings merely because their federal case begins to look unfavorable." *Gatlin v. Shoe Show, Inc.*, No. 3:14-CV-00446-TBR, 2014 WL 3586498, at *3 (W.D. Ky. July 21, 2014) (internal quotation marks and citations omitted); *see also Agri-Power, Inc. v. Majestic JC, LLC*, No. 5:13-CV-00046-TBR, 2013 WL 3280244, at *1 (W.D. Ky. June 27, 2013).

Yet courts in this district have also recognized that "while a plaintiff may not *reduce or change* the demand by stipulation, they may *clarify* the amount at issue in the complaint." *Jenkins v. Delta Air Lines, Inc.*, No. 3:18-CV-244-CRS, 2018 WL 6728571 (W.D. Ky. Dec. 21, 2018), at *3 (citing *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 776 (W.D. Ky. 2002)). When, as in Kentucky, "a state prevents a plaintiff from pleading a specific amount of damages . . . and the plaintiff provides specific information about the amount in controversy for the first time in a stipulation, [the] district views such stipulations as a *clarification* of the amount in controversy rather than a *reduction* of such." *Agri-Power, Inc.*, 2013 WL 3280244, at *3 (citing *Proctor v. Swifty Oil Co.*, No. 3:12-CV-00490-TBR, 2012 WL 4593409, at *3 (W.D. Ky. Oct. 1, 2012)); *see also Heckman v. Cabela's Wholesale, Inc.*, No. 3:17-CV-00512-JHM, 2017 WL 6544826, at *1 (W.D. Ky. Dec. 21, 2017); *Tankersley v. Martinrea Heavy Stampings, Inc.*, 33 F. Supp. 3d 775,

780 (E.D. Ky. 2014) ("When a post-removal stipulation is the first specific statement of the alleged damages then it is considered a *clarification*, rather than a reduction, and the case may be remanded."); *King v. Household Fin. Corp. II*, 593 F. Supp. 2d 958, 961 (E.D. Ky. 2009).  Because Ky. R. Civ. P. 8.01 prevents a statement in the complaint, Samuels has the right to make a post-removal stipulation to clarify, or re-assert that she will not seek or accept an award greater than an amount. *Agri-Power*, 2013 WL 3280244, at *1.

In the Motion to Remand and her post-removal stipulation Samuels states that she will not pursue more than $75,000.  [*See e.g.*, DE 1-2 at 13 n. 1; DE 7 at 54; DE 7-1].  Samuels' stipulation "expressly forecloses any possibility of [Samuels] receiving or accepting damages in excess of $75,000" and agrees that she "cannot revoke or amend this stipulation."  [DE 7-1 at 57]. Samuels's stipulation is not an attempt to reduce the amount in controversy, but only a clarification re-asserting that she will not seek or accept an award greater than $75,000.  *Agri-Power*, 2013 WL 3280244, at *3 (citing *Proctor*, 2012 WL 4593409, at *3); *see also Heckman*, 2017 WL 6544826, at *1; *Tankersley*, 33 F. Supp. 3d at 780.  Accordingly, the amount in controversy is below the jurisdictional threshold.

   B. *Unequivocal*

However, Samuels's post-removal stipulation must be "unequivocal" to defeat jurisdiction. *Egan*, 237 F. Supp. 2d at 778.  An unequivocal stipulation places "[a]n actual limitation on the amount of a potential judgment — [t]o merely say that one will not accept money in excess of a certain amount limits neither the judgment nor the demand." *Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 481 (6th Cir. 2014).  "[L]anguage that the plaintiff will neither seek nor accept an amount which exceeds $75,000 has been repeatedly found to be unequivocal by Kentucky federal courts." *Jenkins*, 2018 WL 6728571, at *4.  Such unequivocal stipulations "leave the

plaintiff no room to escape the bounds of its restrictions" and "as such, are binding and conclusive." *Id.* at *5.

Samuels statements include the required "seek nor accept" language. *See Jenkins*, 2018 WL 6728571, at *4. And her statements only clearly and unequivocally re-assert that she will not seek an award greater than the threshold amount. *See id.* at 5. Because Samuels's stipulation is an unequivocal clarification of the amount in controversy, the threshold requirement of 28 U.S.C. § 1332(a) is not satisfied, and Court thus lacks jurisdiction over the matter, and the case must be remanded.

## CONCLUSION

For these reasons, **IT IS ORDERED** that:

1) Samuels's Motion to Remand [DE 7] is **GRANTED**.

2) The case is **REMANDED** to Jefferson Circuit Court.

October 31, 2024

Rebecca Grady Jennings, District Judge
United States District Court